**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:  SCOTT B. WINGARD<br>SHARON A. WINGARD,<br>    Debtors | Case No. 06-70948JAD<br><br>Chapter 13 |
| SCOTT B. WINGARD<br>SHARON A. WINGARD,<br>    Plaintiffs<br><br>    vs.<br><br>ALTOONA REGIONAL HEALTH SYSTEMS<br>and CREDIT CONTROL COLLECTIONS,<br>    Defendants | Adversary No. 07-7038JAD<br><br><br><br><br>**PRE-TRIAL MEMORANDUM** |

A. Thomas Farrell, Esquire
A. Thomas Farrell Law Offices
212 Frankstown Road
Altoona, PA  16602
(814) 942-1911
ID No. 40391
Counsel for Defendant,
    Credit Control Collections


Mary K. Wheeler, Esquire
Homady & Wheeler, P.C.
PO Box 627
Duncansville, PA  16635
Counsel for Plaintiffs

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | SCOTT B. WINGARD<br>SHARON A. WINGARD, | Case No. 06-70948 JAD |
| | Debtors | Chapter 13 |
| SCOTT B. WINGARD<br>SHARON A. WINGARD, | | Adversary No. 07-7038JAD |
| | Plaintiffs | |
| vs. | | |
| ALTOONA REGIONAL HEALTH SYSTEMS<br>and CREDIT CONTROL COLLECTIONS, | | |
| | Defendants | |

**PRE-TRIAL MEMORANDUM**

          **AND NOW**, come the Defendants who by and through their counsel, **A. THOMAS FARRELL, ESQUIRE,** files the following Pre-trial Memorandum pursuant to the Order of Court dated October 5, 2007, and sets forth as follows:

**A. MATERIAL FACTS NOT IN DISPUTE**

      That the Plaintiffs, Scott B. Wingard and Sharon A. Wingard, filed a Bankruptcy Petition seeking relief under Chapter 13 of the United States Bankruptcy Code on or about November 21, 2006. Subsequent thereto the Plaintiffs received a collection notice from the Defendant, Credit Control Collections, dated March 29, 2007, in an effort to collect the debt owed to the Defendant, Altoona Regional Health Systems. On or about May 21, 2007, counsel for the Plaintiffs/Debtors sent a letter to the Defendant, Credit Control Collections, informing that office of the existence of the pending Chapter 13 Bankruptcy Petition filed by Scott B. Wingard and Sharon A. Wingard. Thereafter, on or about July 3, 2007, the Defendant, Credit Control Collections, erroneously sent to the Plaintiff/Debtor, Sharon A. Wingard, another collection Notice.

### B. MATERIAL FACTS THAT THE DEFENDANTS INTEND TO PROVE

That the letter dated July 3, 2007, forwarded to the Debtor, Sharon A. Wingard, by the Defendant, Credit Control Collections, was an unintentional mistake generated by computer error and that the Defendant had no intent to collect this debt following notice from the Plaintiffs' counsel dated May 21, 2007. The Defendant, Credit Control Collections, relies on the "bona fide error" defense under the Fair Debt Collection Practices Act, 15 U.S.C. §1692(k)(c); and that the Defendant, Credit Control Collections, had in place procedures reasonably calculated to avoid any such error.

### C. BASIS FOR PLAINTIFFS' CLAIM FOR DAMAGES

The basis for the Plaintiffs' claim for damages is unknown to the Defendants, the Defendants submitted Interrogatories to determine that issue, responses to those Interrogatories have not been received by the Defendants to date.

### D. LEGAL AUTHORITY IN SUPPORT OF THE DEFENSE OF "BONAFIDE ERROR" DEFENSE

An attempt to collect a debt included in a Bankruptcy proceeding is a violation of the Fair Debt Collection Practices Act, yet a collector by violating that section may be able to plead the "bona fide error" defense. 15 U.S.C. §1692(k)(c) states that a debt collector may not be held liable in any action brought under this title [15 U.S.C. §1692(k)(c)] if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Credit Control Collections has a system and procedures in place to terminate collection procedures subsequent to the filing of a Bankruptcy Petition.

The president of Credit Control Collections reviews on a daily basis all incoming postal mail and electronic mail to identify any Bankruptcy notice. Thereafter the notices, whether written or verbal, are forwarded to the collection supervisor who enters into the debtor's file the Bankruptcy code, case number, date of filing, name and phone number of the counsel for the debtor.

If the debtor provides notice of Bankruptcy, they are asked to confirm the name and number of their counsel. Upon receipt of notice, all collection activity is discontinued and upon disposition of the Bankruptcy, an Order is entered into the debtor's account.

Credit Control Collections relies on notification from creditors of Bankruptcy filings when the accounts are assigned to it or when a Bankruptcy Petition is initiated subsequent to that assignment. Credit Control Collections also relies on notice from the debtor/consumer of any pending Bankruptcy Petitions.

A violation of the automatic stay provision of the Bankruptcy Code is willful when a creditor violates that stay with knowledge that the Bankruptcy Petition has been filed. Willfulness does not require the creditor intend to violate the automatic stay provision, rather it requires that the acts which violate the stay be intentional. In re: University Medical Center, 973 F. 2.d. 1065 (3rd Cir. 1992).

The Notice of July 3, 2007, forwarded to the Plaintiffs was computer-generated error and was not an act that intended to violate the automatic stay provisions of the Bankruptcy Code; similarly, liability may not be imposed under the Unfair Debt Collection Practices Act if "bona fide error" defense is accepted by the Court.

The Defendants, Credit Control Collections and the Altoona Regional Health System, respectfully request that the Plaintiffs Complaint for violation of automatic stay be dismissed, with prejudice.

Respectfully submitted,

A. Thomas Farrell, Esquire
A. Thomas Farrell Law Offices
212 Frankstown Road
Altoona, PA  16602
(814) 942-1911
Counsel for Defendants

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | SCOTT B. WINGARD SHARON A. WINGARD, | Case No. 06-70948 JAD |
| | Debtors | Chapter 13 |
| SCOTT B. WINGARD SHARON A. WINGARD, | | Docket No. _____ |
| | Plaintiffs | |
| | vs. | Adversary No. 07-7038JAD |
| ALTOONA REGIONAL HEALTH SYSTEMS and CREDIT CONTROL COLLECTIONS, | | |
| | Defendants | |

. . . . . . . . . .

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Pre-trial Memorandum has been served upon Mary K. Wheeler, Esquire, by facsimile and regular U.S. Mail, postage paid, on the _____ day of _____, 2008, to the following address:

Mary K. Wheeler, Esquire
Homady & Wheeler, P.C.
PO Box 627
Duncansville, PA  16635
Fax no. (814) 696-4080

                                                  A. Thomas Farrell, Esquire
                                                  A. Thomas Farrell Law Offices
                                                  212 Frankstown Road
                                                  Altoona, PA  16602
                                                  (814) 942-1911
                                                  ID No. 40391
                                                  Counsel for Defendants